at all. Good morning, Mr. Esposito. You have five minutes. You have no time for rebuttals. You can begin whenever you're ready. Good morning. May it please the Court. Louise question, whether the Second Amendment complaint plausibly alleged a but-for causation in a legal malpractice case. This case returns to this Court following a prior reversal and remand. Despite that remand, the District Court dismissed the case on a motion to dismiss by deciding the outcome of the underlying case, which is a merits determination not permitted at pleading stage. The Second Amendment complaint was not to proceed, and the case continued for years with narrow discovery, during which motions often remain pending for extended periods of time. Additionally, defendants did not oppose the Second Amendment complaint, and one defendant submitted sworn admissions confirming key facts underlying my claims. Again, that procedural backdrop, the District Court later dismissed the same pleading under 12b-6. The Second Amendment complaint is detailed and alleges specific omissions by counsel in the underlying state action. First, it alleges that counsel failed to raise controlling statutory law, specifically the New York State and the New York City human rights laws, which imposed a duty directly contrary to the argument accepted by the State Court. Second, it alleges that counsel failed to submit material evidence, including evidence that the managing partner had supervisory authority and prior knowledge of misconduct. Those admissions directly relate to the basis of which summary judgment was granted in the underlying state action. In that underlying action, the Court concluded that no statute imposed a duty. The complaint alleges that controlling statutes imposing the duty were not raised. Accepting those allegations as true, a different outcome in that underlying case is at least plausible. At the pleading stage, I'm not required to prove that I would have prevailed in the underlying case. I must plausibly allege that viable legal arguments and evidence existed and were not presented. The New York State and New York City claims, they didn't represent you until seven years after the case commenced, right? They weren't involved in drafting that complaint. So how could they be responsible for the failure to have those claims in a complaint that they didn't draft? I had an attorney on that back then. I know, but not then, right? Not Gary and Chestnut, right? I can't hear you, Ronald. Not Gary and No. So how can they be responsible for it? Well, they didn't do it. They didn't. They had a responsibility in the underlying action to include that. Seven years later? Like they came in seven years later, right? I'm not really sure how many years it was. I'm sorry. Go ahead. The district court held causation was speculative, but that conclusion required evaluating how another court would have ruled, which is factual determination not appropriate under 12B6. Under 2B and IGBAL, plausibility does not require certainty. It requires factual content that allows a reasonable inference of liability. The complaint also alleges that a $750,000 settlement was rejected without consultation, and it would have been accepted. That independently supports a plausible claim for causation and damages at the pleading stage. The complaint further alleges that that was not disclosed to me and that discovery was necessary to develop those facts, reinforcing the plausibility of the claims. Because the underlying summary judgment ruling rested on the absence of a statutory duty and the complaint alleges that controlling statutes and supporting evidence were not presented, a different outcome is at least plausible. The district court required certainty instead of plausibility and resolve causation against the plaintiff at the pleading stage. That is reversible error. I respectfully request that this Court vacate the judgment and remand to further proceedings. Thank you. I rest on my brief. Thank you, Ms. Esposito. Okay. We'll hear from Mr. Drummond. Good morning, Your Honors. May it please the Court, Stephen Drummond on behalf of Willie Gary individually and also on behalf of Willie Gary's partner of Williams, Parente, Watson, Gary, Williams, Parente, Lewis, and Watson. I first wish to outline to the Court that this case started on April 20, 2021. Mr. Gary, a noted lawyer of over 35 years of representing clients throughout this country, has been brought in a case, as the Court pointed out. He only became involved with, I believe, five years after a Summerton complaint was filed. This Court on April 20, 2021, remanded this case at the time the plaintiff was brought in. I was remanded, if my memory serves me correctly, for the sole purpose of the appellant to demonstrate whether the continuing legal doctrine applied, continuing representation applied, so as to toll the statute of limitation. This Court remand was specific, clear, and at the time, I wish to emphasize that the appellant was represented by counsel. I get no pleasure in just keeping writing motions to dismiss for failure to state a cause of action. Frankly, I enjoy trying to get the appellant to file a standard complaint, should not subject the defendants and the appellees in this case to continue to defend a case where simply there is no merit. When the case was remanded, the appellant's counsel submitted a second amended complaint. The appellant's counsel submitted a second amended complaint. And in the second amended complaint, the issue of continuing legal representation was not addressed. The only thing that was raised is a claim of $750,000 being offered at a mediation. So then that compels filing a motion again to dismiss for failure to state a cause of action. Now, we could have argued at that stage that the $750,000 offer, if it was given, if it was proposed at the mediation, was done and rejected with the full consent of the appellant. We didn't know that. The other challenge for me was, if the appellant could say yes, but the appeals were done, I would be prepared to file a motion again. I don't think I need to, because I think it would be somewhat giving credit to something that didn't happen to state that argument first. So the first argument before the lower court was simply that didn't happen by demonstrating documentary evidence that it simply didn't happen. It required us to get somewhat of an affidavit from Mr. Maloney, the local counsel. As a court is aware, Mr. Garre is out of Florida. The local counsel was here, Mr. Maloney. He submitted an affidavit. No such offer was made. Mr. Maloney's affidavit was also supported by an e-mail communication that Mr. Maloney submitted to the appellant indicating that $250,000 was offered, and he rejected it because he knew she had rejected it before. But we also then went further. The lawyer representing the underlying defendants. We started to get information from that lawyer, and given that mediation was confidential, that lawyer simply stated, hey, I cannot tell you the details of mediation, but what I can confirm is that $750,000 was never offered. That's the case. The appellant then moved forward, and then Judge Wong took great patience and effort. Subpoena everybody you need to subpoena to see if there is this $750,000. And when we appeared for those things, it would make sense. If there is $750,000 out there that someone claimed to have given you, offered, and it was settled without your knowledge, that's the case. Just show us the documentary monetary trail. That was never being able to be done. At some point, Mr. Gleason, the lawyer who represented the appellant here before this Court, withdrew. After that, the Court didn't give the appellant as a pro se litigant more opportunity to get whatever subpoena she needed to do to show that this was never offered. That's never been offered, and there's no record of it being offered. So now Judge Gardner finally agrees and dismisses. When Judge Gardner dismissed the Garry defendants, the Chessman defendant, he asked for the appellant to show cause as to why he shouldn't dismiss the Chessman defendant. At that point, the appellant then submits yet another, which would amount to now the fourth opportunity. Instead of addressing the Second Amendment complaint as this Court has asked and directed, now a fourth opportunity for yet another summons and complaint. And that, as from the appellant's brief, while the argument doesn't speak to it, it does speak to it. It seems to me from reading the brief from the appellant, the argument is that Judge Gardner, she should have granted her the opportunity yet to file a fourth complaint in this matter. I respectfully submit that the Court should affirm Judge Gardner's decision and end this eight years for Mr. Garry. Thank you very much. Thank you both for reserving the decision. Have a good day.